## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Justin Beal, | Case No. 19-cv-3093 (DSD/HB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Warden Kallis, | |
| Respondent. | |

In 2011, Justin Beal pleaded guilty in the United States District Court for the Northern District of Iowa to one count of unlawfully transporting firearms. *See United States v. Beal*, No. 1:10-CR-0130 (N.D. Iowa). As a result, Beal was sentenced to a 78-month term of imprisonment, with three years of supervised release to follow.

After his release from prison, Beal promptly violated the terms of his supervised release. Accordingly, in 2016, the Northern District of Iowa revoked Beal's term of supervised release and sent Beal back to prison for 10 months, with two years of supervised release to follow. Beal served his time in prison and, not long thereafter, violated the terms of his supervised release again. In 2017, the term of supervised release was revoked, and the Northern District of Iowa sentenced Beal to an additional twelve months in prison, this time with only one year of supervised release to follow.

Beal did not make it through the year. On May 29, 2019, Beal's term of supervised release was revoked for the final time, and Beal was sentenced to a 14-month

1

term of imprisonment—with no supervised release to follow.  Beal is currently serving that term of imprisonment at the Federal Medical Center in Rochester, Minnesota.

As Beal's saga unfolded, Congress passed and the president signed the First Step Act of 2018 ("FSA"), Pub. L. No. 115-391, 132 Stat. 5194 (2018).  The FSA, among many other things, adjusted the manner in which the Federal Bureau of Prisons calculates good-time credit earned by a prisoner.  Under the new calculation, "the effective rate of good-time-credit accumulation (. . . for a prisoner who earns all possible good-time credit) is no longer 47 days a year, but a full 54 days per year."  *Bowden v. Marques*, No. 19-cv-1510 (WMW/TNL), 2019 WL 3847709, *1 (D. Minn. July 19, 2019).  This aspect of the FSA became effective on or about July 19, 2019.  *See United States v. Rivera*, No. 08-cv-0271 (DWF/SER), 2019 WL 6464786, at *2 (D. Minn. Dec. 2, 2019).  "The good-time fix [was] clearly intended to be retroactive, as it applies equally to all inmates, whether they offended before, on, or after the date of enactment of the FSA."  *United States v. Richards*, No. 3:05-cr-0185, 2019 WL 2008572, at *4 (M.D. Tenn. May 7, 2019).

Without question, Beal is entitled to the new, more favorable good-time-credit calculation for the time served on his current 14-month sentence imposed upon the final revocation of his supervised release.  During his prior three terms of imprisonment, however, Beal received the old, less favorable good-time-credit calculation in determining when he should be released from prison.  In his petition for a writ of habeas corpus, Beal argues that, because the FSA is retroactive, the new calculation should be applied to the *entirety* of his time spent in federal prison resulting from the gun-

transportation conviction. [*See* Doc. Nos. 1, 1-1.] In other words, Beal contends that he is entitled *now* to additional good-time credit for time served upon the original conviction, the first revocation of supervised release, and the second revocation of supervised release. Beal calculates that, all told, he is eligible for release 45 days earlier than currently projected by the Bureau of Prisons, should the FSA be applied to his completed sentences and the credit applied to his current sentence. Beal requests the benefit of that earlier release date in his habeas petition, which is now before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

    Beal's argument is clever but wrong. "As the District of New Jersey, the Northern District of West Virginia, and the Western District of Wisconsin"—and at least one judge of this District—"have all squarely held in considering precisely this question, a revocation sentence is separate and distinct from the original underlying sentence for purposes of calculating good-conduct time." *Kieffer v. Rios*, No. 19-CV-0899 (PJS/SER), 2019 WL 3986260, at *1 (D. Minn. Aug. 23, 2019) (citing *Racine v. Fed. Bureau of Prisons*, Civ. A. No. 07-1834 (JBS), 2007 WL 1585154, at *5 (D.N.J. May 31, 2007) ("[T]his Court finds no merit to Racine's contention that his sentence on violating supervised release is a continuation of and part of his original custodial term on his underlying drug conviction. While supervised release is imposed as part of the original

---

[1] Although Beal's petition is not brought pursuant to 28 U.S.C. § 2254, the Rules Governing Section 2254 Cases may nevertheless be applied to his petition. *See* Rule 1(b).

3

sentence, any incarceration ensuing from the revocation of supervised release is generally based on new conduct, and is wholly derived from a different source, and has different objectives altogether; it is therefore a different beast." (quotation omitted)); *Stelluto v. Wendt*, No. Civ. A. 105CV31, 2005 WL 3277661, at *3 (N.D. W.Va. Nov. 30, 2005); *Schmitz v. Scibana*, No. 04-C-414-C, 2004 WL 1563302, at *1 (W.D. Wis. July 9, 2004)). The initial three sentences imposed upon Beal—that is, at conviction and upon the first two revocations of his supervised release—concluded before the FSA had been enacted. By all indications, Beal received the good-time credit to which he was due under the law as it then stood upon serving those sentences. He is entitled to the new calculation for good-time credit with respect to the 14-month sentence he is currently serving, but no more than that. *See also Barkley v. Dobbs*, No. 1:19-3162 (MGL/SVH), 2019 WL 6330744, at *3 (D.S.C. Nov. 12, 2019) (citing *United States v. Neil*, 415 F.3d 273, 277 (2d Cir. 2005)); *Garland v. Johnson*, No. 1:19-CV-0053, 2019 WL 5106274, at *1 (W.D. La. Aug. 12, 2019). The moment that Beal's prior terms of imprisonment ended was also the moment that Beal became ineligible for additional good-time credit resulting from those terms of imprisonment. *See also* 28 C.F.R. § 2.35(b) ("Once an offender is conditionally released from imprisonment, either by parole or mandatory release, the good time earned during that period of imprisonment is of no further effect either to shorten the period of supervision or to shorten the period of imprisonment which the offender may be required to serve for violation of parole or mandatory release.").

The Federal Bureau of Prisons acted properly in declining to apply the FSA's new good-time-credit calculation to terms of imprisonment that had already concluded before the effective date of the statute. Accordingly, Beal's habeas petition should be denied.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Justin Beal's petition for a writ of habeas corpus [Doc. No. 1] be **DENIED**.

Dated: January 7, 2020         s/ *Hildy Bowbeer*
                                Hildy Bowbeer
                                United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).