United States District Court
District of Minnesota
Civil No. 19-3093 (DSD/HB)

Justin Beal,

    Petitioner,

v.                                    ORDER

Warden Kallis,

    Respondent.

    This matter is before the court upon the timely objection by pro se petitioner Justin Beal to the January 7, 2020, report and recommendation of Magistrate Judge Hildy Bowbeer (R&R). The magistrate judge recommends that the court deny Beal's petition for a writ of habeas corpus. The court reviews the R&R de novo. 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.2(b). After a careful review, the court finds that the R&R is well reasoned and correct.

    Beal is currently serving a 14-month term of imprisonment for the violation of his supervised release. Beal's petition requests that this sentence be credited with 45 days of good-conduct time that Beal argues he is entitled to under the First Step Act (FSA) based on the law's retroactive application to his original 78-month sentence. The magistrate judge determined that, despite the FSA's retroactive application, Beal is not entitled to this credit because any good-conduct time he earned on his underlying 78-month sentence expired when he was released from that term of

imprisonment.

The magistrate judge relied on numerous cases holding that "a revocation sentence is separate and distinct from the original underlying sentence for purposes of calculating good-conduct time." Kieffer v. Rios, No. 19-0899, 2019 WL 3986260, at *1 (D. Minn. Aug. 23, 2019), aff'd No. 19-2933 (8th Cir. Oct. 2, 2019)(citing Racine v. Fed. Bureau of Prisons, No. 07-1834, 2007 WL 1585154, at *5 (D.N.J. May 31, 2007); Stelluto v. Wendt, No. 105-CV-31, 2005 WL 3277661, at *3 (N.D. W.Va. Nov. 30, 2005); Schmitz v. Scibana, No. 04-C-414-C, 2004 WL 1563302, at *1 (W.D. Wis. July 9, 2004)). Beal argues that this holding is contrary to United States Supreme Court precedent stating that postrevocation penalties relate to and are part of the original final sentence. See United States v. Haymond, 139 S. Ct. 2369, 2379 (2019); Johnson v. United States, 529 U.S. 694, 701 (2000).

Although postrevocation penalties are part of the original sentence, neither the holdings of Johnson nor Haymond are in conflict with the magistrate judge's determination that postrevocation sentences are distinct for purposes of determining good-conduct time. Indeed, the Eighth Circuit Court of Appeals recently affirmed a case holding just that. See Kieffer, 2019 WL 3986260, aff'd No. 19-2933 (8th Cir. Oct. 2, 2019).

Accordingly, **IT IS HEREBY ORDERED** that:

1. The objection [ECF No. 4] is overruled;

2. The R&R [ECF No. 3] is adopted in its entirety;

3. The petition for writ of habeas corpus [ECF No. 1] is denied; and

4. The action is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


February 19, 2020

                                      s/David S. Doty
                                      David S. Doty, Judge
                                      United States District Court